NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-895

AVCO ELECTRIC, INC.

vs.

APC DEVELOPMENT GROUP, INC., & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, AVCO Electric, Inc. (AVCO), appeals from a judgment entered in the Superior Court following a bench trial. We consider whether the trial judge erred in determining that AVCO is responsible for installing a security system where such work was not included in the electrical specifications of the project documents and was not part of AVCO's bid as a subcontractor on a public works project in Gloucester.  We affirm.[2]

---

[1] Harriman Associates, Inc., and Merchants National Bonding, Inc.

[2] Following a settlement agreement, Harriman Associates, Inc. is not a party to this appeal.

Background.  We recite the facts that the judge could have found, reserving some facts for later discussion.  See Spinosa v. Tufts, 98 Mass. App. Ct. 1, 3 (2020).  APC Development Group, Inc. (APC) entered a valid and binding contract to provide general contracting services for a public construction project at 19 Harbor Loop in Gloucester (Project) for the town of Gloucester.  Merchants National Bonding, Inc. (Merchants) served as surety and Harriman Associates, Inc. (Harriman) was the project engineer which prepared the architectural plans and documents for the Project.  AVCO submitted a sub-bid for the Project's electrical work to the City of Gloucester.  AVCO claims that it limited its bid to Division 26 of the construction documents.  On September 25, 2019, AVCO entered a valid and binding statutory form of subcontract with APC for the electrical work.  On February 8, 2020, AVCO submitted a request for information to Harriman seeking clarification whether AVCO was responsible for the Project's security system.  Harriman informed AVCO that it was responsible for the security system. The security system is not mentioned in Division 26 but is referenced in the electrical drawings and in Division 28 of the construction documents.  AVCO completed the work on the security system under protest.

On October 14, 2020, AVCO submitted an invoice for the additional labor and materials necessary to install the

2

Project's security system.  APC claimed that the security system was within AVCO's scope of work and part of its bid for the electrical work, and thus refused to pay the invoice.

On October 19, 2020, AVCO filed a complaint against APC, Merchants, and Harriman in the Superior Court.  AVCO brought breach of contract and payment bond and quantum meruit claims for failure to pay for the extra work against APC and Merchants.  AVCO also brought claims against Harriman for misrepresentation, and violation of G. L. c. 93A, relating to the sufficiency of the Project's specifications.  AVCO moved for summary judgment on its claims against Harriman and Harriman filed cross motions for summary judgment on those same claims.  APC and Merchants joined in Harriman's opposition to AVCO's motion for summary judgment and cross-moved for summary judgment against AVCO.  The judge denied all motions and cross motions for summary judgment except Harriman's cross motion as to the c. 93A claim.  On April 30, 2024, AVCO and Harriman executed a confidential settlement agreement (settlement agreement) disposing of all remaining claims between the two parties.  On March 14, 2025, a bench trial was held on the remaining claims between AVCO and the remaining defendants, APC and Merchants.  The parties agreed to waive detailed findings of fact.  See Rule 20(2)(h) of the Rules of the Superior Court (2018).  That rule allows the parties to submit special questions to the judge on the elements of each

3

claim equivalent to that of a jury verdict form.  The parties also agreed to the content of a special verdict slip.  The judge concluded that AVCO was responsible for the Project's security system and that any claims it had against APC and Merchants were extinguished by the settlement agreement.  AVCO timely appealed therefrom.

Discussion.  Where, as here, the parties agreed to waive detailed findings of fact under Superior Court Rule 20(2)(h), "appellate review of the court's decision and of the judgment entered shall be according to the standard of review that would apply to a verdict by a jury in a case tried to a jury and to the judgment entered thereon."  Rule 20(8)(b) of the Rules of the Superior Court.  In other words, the verdict, and the judgment entered thereon, will be upheld so long as "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]" (citation omitted).  Rabassa v. Cerasuolo, 97 Mass. App. Ct. 809, 814 (2020).

AVCO argues that the judge erred in concluding that it was responsible for the security system because G. L. c. 149, § 44F, the public bidding statute, requires that all electrical work be

contained in a single section of the specifications.[3]  In the context of the present case, the argument is unavailing.

We agree that Division 26 does not reference the security system, but this fact alone is not determinative under G. L. c. 149, § 44F.  The test here requires considering "the degree of obviousness of the omission, error or discrepancy in the specifications."  John F. Miller Co. v. George Fichera Constr. Corp., 7 Mass. App. Ct. 494, 498 (1979).[4]  "If the discrepancy is subtle, so that a person furnishing labor and materials, who examines the specifications reasonably and conscientiously, might miss a requirement which is out of sequence or ineptly expressed, the burden of the error falls on the issuer of the specifications . . . ."  Id. at 498.  By contrast, "[w]here a contractor or subcontractor is presented with an obvious omission, inconsistency or discrepancy, he should at least ask for clarification if he intends to 'bridge the crevasse in his own favor.'"  Id. at 499, quoting Beacon Constr. Co. v. United States, 314 F.2d 501, 504 (Ct. Cl. 1963).  Thus, where the language in Division 26 is silent as to the security system we

_____

[3] Section 44F states, in part, that "specifications shall have a separate section for each of the following classes of work if in the estimate of the awarding authority such class of work will exceed $25,000:  . . . electrical work."

[4] John F. Miller Co. discusses G. L. c. 149, 44C, which is currently codified as G. L. c. 149, 44F.

5

cannot conclude, as AVCO argues, that as a matter of law AVCO does not have to look beyond Division 26 for the portions of the Project for which it was responsible. See Hardware Specialties, Inc. v. Mishara Constr. Co., 2 Mass. App. Ct. 277, 283 (1974) (G. L. c. 149, § 44F "contemplated that in doubtful cases it might be necessary to resort to more than one section of the specifications in order to ascertain the basic intent of the draftsman of all of the specifications"). We are therefore left with a question of fact as to the degree of obviousness of the error, which we review under the highly deferential standard discussed above.

Here, AVCO's argument fails. It is indeed preferable for all electrical work to be contained in one section, but there are myriad factors the judge could have relied on to determine that the omission in Division 26 was not so subtle that AVCO was unaware of their responsibility for the security system. See John F. Miller Co., 7 Mass. App. Ct. at 499. The inconsistencies and omissions in the Project's construction documents were apparent, and the architectural documents contain detailed references to the security system, while Division 26 does not. Indeed, the "Electrical Legend, Notes and Schedules" plan contained a notation for a card reader in the legend and listed card access system components, while both the First Floor Plan Power Systems and the Second Floor Plan Power Systems plans

6

showed card reader access points.  These documents were all referenced in Division 26.  Therefore, AVCO should have recognized that the security system was part of its scope of work.  To the extent that AVCO believed its responsibility for the security system was unclear, it had an obligation to seek clarification before submitting its bid.  Id.  AVCO's continuation sheet also contained "rough access/security" and "finish access/security" balances which reflect payment for such work.  These entries suggest that AVCO was aware of its responsibility for the Project's security system.  Moreover, there was evidence at trial that it is industry custom for electricians to install the security system.  See Hardware Specialties, Inc., 2 Mass. App. Ct. at 279 (evidence of business customs admissible to resolve duty of subcontractor).  These factors together are a "combination of circumstances" that create a reasonable inference that AVCO was aware of its responsibility for the security system and should have looked beyond Division 26.  Rabassa, 97 Mass. App. Ct. at 814.

7

Therefore, on the record before us we cannot say that the judge erred.[5,6]

<u>Judgment affirmed</u>.

By the Court (Vuono, Neyman & Smyth, JJ.[7]),

*Paul Little*

Clerk

Entered:  July 16, 2026.

---

[5] Because we affirm on the basis of AVCO's responsibility for the security system, we need not reach the issues of costs or extinguishment of their claims.

[6] All parties' requests for appellate attorney's fees are denied.

[7] The panelists are listed in order of seniority.